USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MURRAY, as Leviticus Lucifer, | |
| Plaintiff, | 22-CV-4026 (VEC) |
| -against- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| SIDIKI DABO and EGUAGIE EHIMWENMA, | |
| Respondent. | |

VALERIE CAPRONI, United States District Judge:

Plaintiff Robert Murray, proceeding pro se, sued Defendants Sidiki Dabo and Eguagie Ehimwenma under 42 U.S.C. § 1983 for violations of his constitutional rights that allegedly occurred while he was committed at Kirby Forensic Psychiatric Center ("Kirby"). Amended Compl., Dkt. 16. On April 10, 2023, Defendants moved to dismiss the Amended Complaint or, in the alternative, for summary judgment (the "Motion"). Mot., Dkt. 32. In support of the Motion, Defendants submitted a Rule 56.1 Statement and significant evidence outside of the pleadings. *See* Dkts. 34–38, 43, 45–46. Although Plaintiff stated his intention to oppose the Motion, *see* Letter, Dkt. 49, and despite multiple extensions of time to do so, *see* Orders, Dkts. 48, 50, 56, he never submitted a memorandum in opposition or a sworn affidavit in response to Defendants' 56.1 Statement. On February 2, 2024, Magistrate Judge Stein filed a report and recommendation ("R&R"), which recommended that Defendants' Motion be converted to one for summary judgment and that it be granted in full. R&R, Dkt. 63. Neither Plaintiff nor Defendants objected. For the following reasons, the Court adopts the R&R in full. Defendants' Motion for Summary Judgment is GRANTED.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note. An error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)). Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Reviewing the R&R and the record as a whole, it was not clear error to convert the Motion to one for summary judgment. Under the Federal Rules of Civil Procedure, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A party proceeding pro se, who is likely unaware of the consequences of failing to offer evidence, must receive "unequivocal notice of the meaning and consequences of conversion to summary judgment." *Hernandez v. Coffey*, 582 F.3d 303, 307–08 (2d Cir. 2009) (quotation omitted). This standard is satisfied, meaning the pro se party has unequivocal notice, if he receives a copy of the Local Civil Rule 12.1 Notice to Pro Se Litigant Who Opposes a Rule 12

Motion Supported by Matters Outside the Pleadings ("Local Rule 12.1 Notice"). *See Henderson v. Alvarez*, No. 17-CV-3977 (AJN), 2020 WL 2571013, at *5 (S.D.N.Y. May 21, 2020) (collecting cases holding that such notice is sufficient).

Plaintiff received proper notice in this case. First, he received a copy of the Local Rule 12.1 Notice when it was served on him on April 11, 2023. *See* Certificate of Service, Dkt. 47. In response to receiving that notice, Plaintiff informed the Court that he intended to respond but had lost his legal papers. Letter, Dkt. 49. Given the loss of his legal papers, the Court ordered that he be served again. Orders, Dkts. 50, 56. Plaintiff then received the Local Rule 12.1 Notice again when it was served on him on July 10, 2023. *See* Certificate of Service, Dkt. 57.[1] Inasmuch as Plaintiff received a document explaining the consequences of conversion and the failure to respond on at least two occasions, it was not clear error to conclude that Plaintiff had unequivocal notice.

On the merits, careful review of the R&R reveals that there is no facial error in its conclusions. The Court agrees with Magistrate Judge Stein's recommendation that Defendants are entitled to summary judgment on Plaintiff's claims. To start, Plaintiff brings claims under the Eighth Amendment, but those claims are unavailable to him because he was being held at Kirby before he was convicted of any crime. *See Domeneck v. The City of New York*, No. 18-CV-7419 (PGG), 2019 WL 5727409, at *10 (S.D.N.Y. Nov. 5, 2019). Judge Stein construed Plaintiff's complaint as also asserting Fourteenth Amendment claims based on (a) involuntary administration of antipsychotic drugs, (b) an alleged sexual assault that occurred on April 20, 2022, (c) Defendant Dabo allegedly being untruthful at a treatment-over-objection hearing, and (d) removal of his wheelchair. R&R at 3–4; Amended Compl., Dkt. 16. The Court agrees that

---

[1] Although mail to Plaintiff was sometimes returned, *see, e.g.*, Letter, Dkt. 52, there is no indication that the July 10, 2023, mailing discussed in the Certificate of Service at Dkt. 57 was returned.

the record evidence, uncontested by Plaintiff, shows that each of the four possible bases for a Fourteenth Amendment claim fails as a matter of law.

## CONCLUSION

Because Plaintiff filed no written objections to the R&R and because the R&R expressly warned that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith, and therefore, permission to proceed *in forma pauperis* for the purposes of appeal is denied. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully requested to mail a copy of this Order to Plaintiff Murray and to note the mailing on the docket. The Clerk of the Court is further requested to terminate the open motion at Dkt. 32 and to close the case.

**SO ORDERED.**

Dated: March 5, 2024
      New York, New York

_____
VALERIE CAPRONI
United States District Judge